UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELINA A. MENSAH and RONALD N. BENJAMIN, individually and on behalf of others similarly situated,<br><br>                    Plaintiff,<br><br>    -v-<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>                    Defendant. | Civil Action No.: |

**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S**
**NOTICE OF REMOVAL**

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Portfolio Recovery Associates, LLC ("PRA"), by counsel, hereby removes this civil action, pending in the Supreme Court of the State of New York, County of Bronx, Index No. 815435/2024E (the "State Court Action"), to the United States District Court for the Southern District of New York.  Removal is proper because this Court has subject matter jurisdiction over the action under federal question jurisdiction. *See* 28 U.S.C. § 1331. Accordingly, PRA removes this action to this Court, and in support thereof, states the following:

### I. BACKGROUND

1. Plaintiffs commenced the State Court Action against PRA by filing a Complaint in the Supreme Court of the State of New York, County of Bronx, Index No. 815435/2024E, on or about April 1, 2024 (the "Complaint"). A copy of the Complaint is attached hereto as **Exhibits A & B**.

2. On October 1, 2024, PRA was served with the Complaint via U.S. Mail. *See* **Exhibit C**, Acknowledgment of Receipt of Summons and Complaint, October 24, 2024.

3. This Notice of Removal is being filed within thirty days of service of the Complaint on Defendant. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

4. The above-captioned action is a suit for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and New York law.

## II. FEDERAL QUESTION JURISDICTION

5. This Court has original jurisdiction over Plaintiffs' FDCPA claims pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."

6. Removal of this action is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7. In their Complaint, Complaint, Plaintiffs allege PRA violated various provisions of the FDCPA by "refusing to grant Plaintiffs' requests to not send Plaintiffs documentation regarding the alleged debts, despite Plaintiffs' requests in Plaintiffs' cease and desist letters." *See* **Ex. B** at ¶¶ 35, 39, 43, 47, 51.

8. Federal question jurisdiction exists over this action because the allegations asserted by Plaintiffs in the Complaint involve questions that will require resolution of significant, disputed issues arising under federal law. This case qualifies for federal question jurisdiction and is removable because Plaintiffs' Complaint alleges claims under, and requires a ruling on, the FDCPA.

9. Plaintiffs' claims purporting to arise under New York state law are so related to Plaintiffs' federal claims, which are within the original jurisdiction of this Court, that they form part of the same case or controversy. Specifically, Plaintiff's claims under New York state law arise out of the same conduct Plaintiff alleges violates the FDCPA. *See* **Ex. B** at ¶ 55. Accordingly, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a).

10. Pursuant to 28 U.S.C. § 1441(b), removal is proper irrespective of the citizenship or residence of the parties.

### III. VENUE

11. Venue is proper in this Court because this district and division encompass the Supreme Court of the State of New York, County of Bronx, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

### IV. NOTICE

12. Concurrent with the filing of this Notice, PRA will file a Notice of Filing of Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Bronx, a copy of which is attached hereto as **Exhibit D**.

13. Upon information and belief, the contents of **Exhibit A** through **Exhibit D** constitute the entire file of the action pending in the state court as required pursuant to 28 U.S.C. §1446(a).

WHEREFORE, PRA hereby removes this action to this Court.

Dated: October 30, 2024             */s/ Jonathan P. Floyd*
                                    Jonathan P. Floyd
                                    TROUTMAN PEPPER
                                    HAMILTON SANDERS LLP
                                    1001 Haxall Point
                                    Richmond, Virginia 23219
                                    Telephone: (804) 697-1200
                                    Facsimile: (804) 697-1337
                                    Email: jonathan.floyd@troutman.com

                                    *Attorney for Defendant*
                                    *Portfolio Recovery Associates, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of October 2024, I filed the foregoing document with the Clerk of the Court via the Court's CM/ECF system, and sent a copy of the same via electronic mail to the following parties. Service of the foregoing was within the time prescribed by the Rules of the Court.

>Subhan Tariq, Esq.
>Tariq Law PC
>99 Park Avenue, Suite 1100
>New York, New York 10016
>*Counsel for Plaintiffs*

>>*/s/ Jonathan P. Floyd*_____
>>Jonathan P. Floyd